# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| MELODIE HAMILTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 4:14-cv-02236-JHE |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION[1]

On November 18, 2014, Plaintiff Melodie Hamilton ("Plaintiff" or "Hamilton") initiated this action under 42 U.S.C. §§ 405(g), 1383(c)(3) to obtain judicial review of the Commissioner's final decision denying her application for a period of disability ("DIB") and supplemental security income ("SSI"). (Doc. 1). Defendant moves to dismiss the action, contending Hamilton complaint is untimely. (Doc. 7). After briefing was complete, Plaintiff moved to remand this action to the Appeals Council to reopen her claim. (Doc. 17). The motions are fully briefed and ripe for review. (Doc. 7, 9, 11, 17, 18, & 20). For the reasons stated below, the first motion will be **GRANTED**, the motion to remand will be **DENIED**, and this action be **DISMISSED** as untimely.

### I. Standard of Review

If a district court considers matters outside the pleadings when ruling on a motion to dismiss under Rule 12(b)(6), the motion must be treated as one for summary judgment under

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 14).

Rule 56. Fed. R. Civ. P. 12(d). *Shuler v. Bd. of Trustees of Univ. of Ala.*, 480 Fed. Appx. 540, 542 (11th Cir. 2012). Because the parties submitted affidavits and other evidentiary materials in support of their positions, the undersigned construed the motion to dismiss as a motion for summary judgment pursuant to Rule 56 and provided additional time for the parties to file evidence in support of their relative positions. (Doc. 13).

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, the discovery, and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 447 U.S. 317, 322 (1986). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish there is a "genuine issue for trial." *Id.* at 324. (citation and internal quotation marks omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, (1970); *see also Anderson*, 477 U.S. at 255 (all justifiable inferences must be drawn in the non-moving party's favor). Any factual disputes will be resolved in Plaintiff's favor when sufficient

competent evidence supports Plaintiff's version of the disputed facts.  *See Pace v. Capobianco*, 283 F.3d 1275, 1276-78 (11th Cir. 2002) (a Court is not required to resolve disputes in the non-moving party's favor when that party's version of the events is supported by insufficient evidence).  However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion."  *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mtn. Park, Ltd. V. Oliver*, 836 F.2d 1560, 1563 (11th Cir. 1989)).  Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252).

## II. Procedural History and Summary Judgment Facts

On May 11, 2013, an Administrative Law Judge ("ALJ") issued a decision denying Hamilton's claim for DIB and SSI Benefits.  (Doc. 7-1).  Hamilton requested review of the ALJ's decision, and on September 4, 2014, the Appeals Council issued a notice denying Hamilton's request for review.  (Doc. 7-2).  The Appeals Council's notice informed Hamilton of her right to appeal the Commissioner's decision denying her DIB and SSI claims by filing a complaint in federal district court within sixty days from receipt of the notice.  (*Id.* at 2-3).  The notice further informed Hamilton the sixty days began the day after she received the notice, and receipt was presumed five days after the notice date unless she showed it was received later. (*Id.* at 3).  There is no evidence Hamilton requested an extension of time to file her complaint prior to initiating this action.  (Docs. 7-2 at ¶4 and 9).  Therefore, to be timely, Hamilton had to have filed her complaint within sixty-five days after September 4, 2014 – by November 10,

2014.[2]  On March 24, 2015, long-after filing this action, Hamilton requested permission from the Appeals Council for an extension of time to file this case.  (Docs. 9 & 9-1)).  By letter dated March 31, 2015, the Appeals Council informed Hamilton it was not granting her additional time to file a civil action.  (Doc. 11-1).

### III. Analysis

42 U.S.C. § 405(g), (h) provide for a limited judicial review of the Commissioner's final decisions on claims arising under Title II of the Social Security Act.  Section 405(g) provides, in part:

> (g)   Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of a notice of such decision or within such further time as the Commissioner may allow.

Section 405(h) provides, in part:

> (h)   The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Under these subsections, the only civil action permitted against the Commissioner's decision on a claim arising under Title II or XVI of the Social Security Act is one "commenced within sixty days after the mailing . . . of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. §§ 404(g), 1383(c)(3).

---

[2] The expiration of sixty-five days fell on a Saturday, therefore, pursuant to Rule 6(a)(1)(C), Fed. R. Civ. P., Hamilton had until the following Monday to file the complaint.

The Commissioner has interpreted "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of request for review of the presiding officer's decision or the Appeals Council's decision. *See* 41 Fed. Reg. 53,792 (Dec. 9, 1976) (codified at 20 C.F.R. § 422.210(c); 20 C.F.R. § 404.981). The date of receipt is presumed to be five days after the date of the notice, unless a reasonable showing to the contrary is made to the Appeals Council. *See* 20 C.F.R. §§ 404.901, 416.1401, 422.210(c). The Commissioner has interpreted this provision to mean that a complaint is timely filed if it is filed within sixty-five days of the date of the Appeals Council notice. *See* 20 C.F.R. §§ 404.901, 404.981, 416.1401, 416.1481, 422.210(c).

The Appeals Council dated its notice denying Hamilton's request for review as September 4, 2014. (Doc. 7-2 at ¶ 3(a)). Hamilton's complaint is untimely because she did not file it until November 18, 2014, more than sixty-five days after the Appeals Council notice, which occurred on November 10, 2014. Hamilton offers no extraordinary circumstances to justify tolling of the statute of limitations. (*See* doc. 9). To the contrary, in her response to the motion to dismiss, construed as a motion for summary judgment, Hamilton explains she wrote to the Appeals Counsel on March 24, 2015 requesting permission for an extension of time to file the complaint. (*Id.*). On March 31, 2015, the Appeals Council denied Hamilton's request for an extension of time. (Doc. 11-1). Accordingly, Hamilton having offered no excuse for her untimely filing other than an ambiguous "clerical error," (doc. 18 at 1), this action is due to be dismissed.

To the extent Plaintiff relies on *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983), to argue this Court can review the Appeals Council's decision not to grant the extension of time to file her complaint, such reliance is misplaced. In *Bloodsworth*, the Eleventh Circuit noted the

district court had exercised jurisdiction to review the Appeals Council's denial of an extension of time to request review by the Appeals Council of an Administrative Law Judge decision. *Id.* at 1235.  The Eleventh Circuit did not hold that such an exercise of jurisdiction was appropriate where the question involved the Appeals Council's denial of a request for an extension of time to file a civil action. *Id*; *see Stone v. Heckler*, 778 F2.d 645, 648 (11th Cir. 1985).  In *Stone v. Heckler*, the Eleventh Circuit explained that review was allowed in *Bloodsworth* because, if courts were not allowed to review the Appeals Council's dismissal of a request to review an ALJ's decision, the claimant would be stuck "permanently in limbo" because the statute would not allow review. *Stone*, 778 F.2d at 648.  When a claimant has a final, appealable decision from the Appeals Council, as here, the claimant could and should proceed directly to district court and there is no "limbo" as there was in *Bloodsworth*. *See id.*  The facts supporting the decision in *Bloodsworth* are distinguishable from those before this Court, and *Bloodsworth* does not change the fact this Court may not review the Commissioner's decision. *See also Harveston v. Comm'r of Soc. Sec.,* 211 F.3d 1269 (6th Cir. 2000) (table) ("In addition, the attempt to have the district court review the Appeals Council decision not to grant an extension of time within which to appeal must fail. Federal judicial review is available only for final agency decisions made after a hearing.").

Plaintiff's motion for remand is also due to be denied because, as thoroughly explained above, the time to appeal has passed and the Appeals Council's action denying the motion to extend is not reviewable. *See Stone*, 778 F.2d at 648.  There are no facts to support equitable tolling of the limitations period. *See Wakefield v. Railroad Retirement Bd.*, 131 F.3d 967, 969 (11th Cir. 1997) (allowing equitable tolling where the claimant actively pursued a judicial

remedy by filing a defective pleading during the statutory period or where the claimant was induced or tricked by his adversary's misconduct into allowing the deadline to pass).

## IV. Conclusion

Defendant's motion for summary judgment, (doc. 7) is **GRANTED**, Plaintiff's motion for remand, (doc. 17), is **DENIED**, and this action will be **DISMISSED** as untimely. A separate order will be entered.

DONE this 16th day of June 2015.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE